FILED
MAY 22 2018
CLERK, U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY __ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEAN MORGAN, *as owner of a 2014 Axis Wake A24 for Exoneration or Limitation of Liability*,<br><br>Petitioner. | Case No.: 3:18-cv-00092-BEN-BGS<br><br>**ORDER DENYING MOTION TO DISMISS** |

On January 16, 2018, Sean Morgan ("Petitioner"), owner of a 2014 Axis Wake A24 (the "subject vessel"), filed a Petition for the Exoneration from or Limitation of Liability. (Docket No. 1.) Claimant Bobby Duck moves to dismiss the action, arguing the Court lacks subject matter jurisdiction or, alternatively, that the Petition fails to state a claim. (Docket No. 2.) The motion is fully briefed. For the reasons that follow, the motion is **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY[1]**

During the morning of August 21, 2016, Petitioner's friends, including Claimant, Brandon Cant ("Cant"), and "a woman named 'Jen,'" "took the subject vessel for a

---

[1] The following overview of the relevant facts are drawn from the allegations of Morgan's Petition. (Docket No. 1, "Pet.") The Court is not making factual findings.

1

3:18-cv-00092-BEN-BGS

joyride on the Colorado River while spending time at [Petitioner's] river house," which is located in Yuma, Arizona. (Pet. ¶ 4.) Petitioner was in California at the time and was not aware that the subject vessel was being operated. Two hours after the "joyride" began, while Cant was operating the subject vessel, Cant "hit a sandbar . . . which ejected Bobby Duck from the vessel into the Colorado River allegedly causing him harm." (*Id.* ¶ 5.)

On March 7, 2017, Claimant filed a lawsuit in the California Superior Court against Cant and Petitioner for the injuries he sustained from the August 21, 2016 accident.[2] Prior to filing the Petition in this Court, Petitioner had initiated an identical action in the U.S. District Court for the District of Arizona.[3] On January 16, 2018, Petitioner refiled his Petition in this Court, invoking admiralty jurisdiction pursuant to 28 U.S.C. § 1331 and seeking exoneration from or limitation of liability to the $59,369.84 value of the subject vessel under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* Petitioner also asks for an injunction against further prosecution of the state court action as to him. On February 6, 2018, Claimant filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).[4]

## LEGAL STANDARD

### 1. Rule 12(b)(1)

"It is a fundamental principle that federal courts are courts of limited jurisdiction." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, (1978)). Under Rule 12(b)(1), a party can move a court to dismiss an action for lack of

---

[2] *Duck v. Morgan, et al.*, Case No. 37-2017-00008139-CU-PO-CTL. (Pet., Ex. B.)
[3] *In re Complaint of Sean Morgan*, Case No. 17-cv-00929-DLR. On June 15, 2017, the Honorable Douglas L. Rayes dismissed the action without prejudice pursuant to the parties' stipulation that it be refiled in the appropriate district. (Pet., Ex. C.)
[4] Unless otherwise stated, the Court's references to Rules in this Order are to the Federal Rules of Civil Procedure.

2

3:18-cv-00092-BEN-BGS

subject matter jurisdiction. Fed. R. Civ. Proc. 12(b)(1). In such a motion, the party asserting jurisdiction bears the burden to establish jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994) ("It is to be presumed that a cause lies outside [federal court] jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A Rule 12(b)(1) motion will be granted if, on the face of the complaint, and when considered in its entirety, the complaint fails to allege facts sufficient to establish subject matter jurisdiction. *Id.*

In contrast, a factual attack is one that "relie[s] on extrinsic evidence and [does] not assert lack of subject matter jurisdiction solely on the basis of the pleadings." *Id.* (quoting *Morrison v. Amway Corp.,* 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). Additionally, the court need not assume the truth of the plaintiff's allegations, and "once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage,* 343 F.3d at 1039 n.2.).

**2. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to

state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

### 3. Limitation of Liability Act

The Limitation of Liability Act ("the Act") "provides a procedure in admiralty whereby vessel owners can limit their liability for maritime damages to the value of the vessel." *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 772 (9th Cir. 1995). The Act authorizes district courts "to determine whether a shipowner's liability should be limited when that liability may be predicated on an act that was not within the shipowner's 'privity or knowledge.'" *Joyce v. Joyce*, 975 F.2d 379, 383 (7th Cir. 1992).

## DISCUSSION

### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Claimant's motion to dismiss for lack of subject matter jurisdiction presents a factual attack because it is premised on extrinsic evidence, namely his own state court action, which Petitioner attached to his Petition. In short, Claimant argues this Court lacks subject matter jurisdiction because his state court complaint alleges a negligent entrustment claim against Petitioner, which renders Petitioner ineligible for relief under the Act. To support his position, Claimant relies on *Joyce v. Joyce*, a Seventh Circuit case, which affirmed the district court's sua sponte dismissal for lack of subject matter jurisdiction after concluding the Act did not apply to the potential claimant's sole claim for negligent entrustment against the shipowner. 975 F.2d 379, 381-82 (7th Cir. 1992).[5]

---

[5] The Seventh Circuit explained:

> When we turn to an examination of the law of negligent entrustment, it becomes evident that, if a shipowner knows enough to be liable for negligent entrustment, he knows too much to be eligible for limited liability under the Act. . . . [R]egardless of the resolution of the choice of law issue, the essential thrust of the tort of negligent entrustment is that a

4

Petitioner argues *Joyce* is distinguishable because unlike the shipowner in *Joyce*, who only faced a single claim for negligent entrustment, Claimant's state court action asserts numerous theories of negligence against him, including vicarious liability, which does not require knowledge or privity (and is therefore a claim covered by the Act). The Court agrees with Petitioner that *Joyce* is distinguishable for this reason alone.

In addition, *Joyce* is not persuasive because it relies on an assumption that the Act provides an independent basis for federal jurisdiction. *See id.*, 975 F.2d at 383 n.3 ("as we understand its holding, the district court simply held that, assuming arguendo that one of these statutes normally would support jurisdiction, the claim asserted here, limitation of liability for negligent entrustment, is so insubstantial on its face as to warrant a dismissal on the ground of lack of jurisdiction.") (citations omitted). But after *Joyce* was decided, the Ninth Circuit decided *Seven Resorts*, concluding that the Act does not create an independent basis for federal jurisdiction. *Id.*, 57 F.3d at 772-73; *see also In re*

> shipowner can be held liable for negligent entrustment only if he knows or has reason to know that the person being entrusted is incapable of operating the vessel safely.
>
> . . .
>
> Given the nature of the tort of negligent entrustment, it is clear that the [the Act] affords no protection to William. If William knew or had reason to know that Ivkovich should not have been entrusted with the boat, he not only committed the tort of negligent entrustment but also had either knowledge or constructive knowledge sufficient to place him beyond the protection of [the Act]. On the other hand, if William did not entrust the boat to Ivkovich under circumstances in which he knew or should have known of Ivkovich's inability, he will incur no liability for negligent entrustment and, consequently, has no need of the Act's protection. In either case, the district court could not do anything to affect either party and was correct to dismiss the suit for lack of subject matter jurisdiction.

*Joyce*, 975 F.2d at 385.

*Complaint of Pac. Whale Found.*, No. CIV. 10-00650-SOM, 2011 WL 1134312, at *2 (D. Haw. Mar. 24, 2011) ("a court exercising jurisdiction over a complaint filed under [the Act] must have independent admiralty jurisdiction over the underlying claim against the shipowner.") (citing same). Thus *Joyce* does not support Claimant's argument that this Court lacks subject matter jurisdiction over this action merely because Claimant's state court action asserts a negligent entrustment claim against Petitioner.

Here, Petitioner asserts admiralty jurisdiction exists pursuant to 28 U.S.C. § 1333 because he brings a maritime claim within the meaning of Rule 9(h). (Pet. ¶ 1.) Although Claimant's motion does not challenged the existence of admiralty jurisdiction, the Court has an independent duty to examine its own jurisdiction. *Leventhal v. Vista Unified Sch. Dist.*, 973 F. Supp. 951, 956 (S.D. Cal. 1997) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 229 (1990).

A federal district court has original jurisdiction over admiralty claims. *In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1126 (9th Cir. 2009) (citing U.S. Const. art. III, § 2, cl. 1). Under 28 U.S.C. § 1333(1), a plaintiff may file claims "related to maritime contracts and maritime torts." *Id.* at 1126. To invoke admiralty jurisdiction over a tort claim, a party "must satisfy both a location test and a connection test." *Id.* (quoting *Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 982 (9th Cir. 2007)).

First, the "locality" or "situs" test asks whether the tort occurred over navigable waters. *Taghadomi v. United States*, 401 F.3d 1080, 1084 (9th Cir. 2005) (citations omitted). The Court finds the Petition satisfies the locality test because the claim arises out of an alleged tort that occurred on the Colorado River, which has previously been deemed navigable water for purposes of admiralty jurisdiction. *State of Arizona v. State of California*, 298 U.S. 558, 569 (1936) ("The Colorado river is a navigable stream of the United States."). Second, the "nexus" or "relationship" test asks whether the actions giving rise to the tort bears "a significant relationship to traditional maritime activity." *Id.* (quoting *Exec. Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268 (1972)). The Petition also satisfies the nexus test because it alleges Petitioner faces potential liability

for tort claims arising out of injuries sustained by a passenger on the subject vessel, while it was on navigable waters.

As a result, the Court finds it has subject matter jurisdiction over Petitioner's action, and therefore Claimant's motion to dismiss on this ground is **DENIED**.

**2. Motion to Dismiss for Failure to State a Claim**

To establish entitlement to limitation of liability under the Act, a shipowner must plausibly allege the loss occurred without the shipowner's "privity or knowledge." *Waterman S. S. Corp. v. Gay Cottons*, 414 F.2d 724, 731 (9th Cir. 1969) ("The Shipowner is entitled to limitation of liability [under the Act] if it can show that the lack of due diligence is not within its 'privity or knowledge.'"). Claimant argues, without citation to authority, that the Court must accept the allegations of *his own state court complaint* as true, *i.e.*, that Petitioner had "privity or knowledge" of the tortious acts (which would render Petitioner ineligible to seek relief under the Act). (Mot. at p. 6.) This is not the standard in a Rule 12(b)(6) motion to dismiss, which instead requires the Court accept as true the facts alleged in *Petitioner's* Petition. *Twombly*, 550 U.S. at 556.

As discussed in the factual background above, Petitioner alleges he was not present at the August 21, 2016 accident that allegedly resulted in Claimant's injuries, and was not aware the subject vessel was being used. Accepting these factual allegations as true, the Court finds the allegations of the Petition sufficient to avoid dismissal. Accordingly, Claimant's motion to dismiss for failure to state a claim is also **DENIED**.

**CONCLUSION**

For the reasons stated above, Claimant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim are **DENIED**.

**IT IS SO ORDERED.**

Dated: May __, 2018

HON. ROGER T. BENITEZ
United States District Judge